IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert L. Watkins; Dr. Robert J. Williams, ) | C/A No. 1:17-122-JMC-PJG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| First Citizens Bank and Trust Company, Inc., ) | |
| *Formerly People Community Bank, formerly* ) | |
| *known as Peoples Community Bank*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiffs Robert L. Watkins and Dr. Robert J. Williams, who are self-represented, filed this civil action against the named defendant. This matter is before the court on Plaintiffs' motion for a subpoena *duces tecum*. (ECF No. 43.) The defendant filed a response in opposition. (ECF No. 44.) Plaintiffs' motion requests a subpoena for a copy of a cashier's check from July 2000 which Plaintiffs allege is in the possession of Capital City Bank, a nonparty.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

The court's authorization of a subpoena *duces tecum* requested by a *pro se* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1). The court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome,

PJG

or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. 601, 605 (M.D. Pa. 1991) ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

Review of the record in this matter reveals that Plaintiffs have previously requested this document from the defendant, which stated that it did not possess the cashier's check. (See Def.'s Resp. Opp'n Pls.' Mot. to Compel, ECF No. 41.) Plaintiffs argue that this document "goes to the heart of [their] lawsuit." (ECF No. 43.) Additionally, the amount of material requested does not appear to be excessive.

Accordingly, it is hereby

**ORDERED** that the Clerk of Court provide one blank subpoena form to Plaintiffs for completion. Plaintiffs are directed to complete the form and return it to the Clerk of Court within seven (7) days, at which time the Clerk of Court shall issue the subpoena addressed to Capital City Bank. Plaintiffs are reminded that they are responsible for arranging service of their proposed subpoena *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure. Additionally, Plaintiffs are responsible for paying the subpoenaed party for the costs associated with the production of the requested documents.

*PJG*

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2017
Columbia, South Carolina