IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Robert L. Watkins; Dr. Robert J. Williams, | ) | C/A No. 1:17-122-RBH-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| First Citizens Bank and Trust Company, Inc., | ) | |
| *Formerly People Community Bank, formerly* | ) | |
| *known as Peoples Community Bank,* | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiffs Robert L. Watkins and Dr. Robert J. Williams, who are self-represented, filed this civil action against the named defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to Defendant's motion. (ECF No. 34.) Plaintiffs filed a response in opposition to the motion (ECF No. 57), and Defendant filed a reply (ECF No. 58). Having reviewed the record presented and the applicable law, the court finds Defendant's motion for summary judgment should be granted.

**BACKGROUND**

The following facts are either undisputed, or are taken in the light most favorable to the plaintiffs, to the extent they find support in the record. Plaintiff Robert L. Watkins indicates he

PJG

purchased a cashier's check in the name of Doge, Inc. from Peoples Community Bank[1] in Aiken on

July 13, 2000 to make a payment on a note held in the name of Knob Hill Assisted Living Center.

(Compl. ¶ 5, ECF No. 1 at 2.)  After a dispute arose over the satisfaction of the note held in the name

of Knob Hill Assisted Living Center, Watkins returned to Peoples Community Bank on September

6, 2000 to obtain a copy of the cashier's check.  (Id. ¶¶ 6-7.)  Watkins was unable to obtain a copy

of the cashier's check from Peoples Community Bank on that day, and his and Plaintiff Robert

Williams's attempts to obtain a copy of the check from Peoples Community Bank and its successors

failed over many subsequent years.  These attempts included the issuance of subpoenas from the

State Court of Gwinnett County in Georgia in 2012 and from the United States District Court for the

Middle District of Georgia in 2016.  (Compl., Exs. 4 & 6, ECF No. 1-1 at 6-7, 16-17.)

Plaintiffs filed the instant action against Defendant on January 17, 2017, stating a single

cause of action for "obstruction of justice."  (Compl. ¶¶ 16-21, ECF No. 1 at 4.)  Plaintiffs allege

Defendant has "obstructed justice by deliberately defying all of Plaintiffs' legal and ethical attempts

to obtain a copy of the Check which is in Defendant's possession."  (Id.)  Plaintiffs further allege

Defendant has failed to follow applicable banking laws relating to their right to access their own

documents and records and also denied them their right to due process.  (Id.)  Plaintiffs claim

Defendant's "actions and misrepresentations" have caused them damage, and Plaintiffs seek

compensatory and punitive damages.  (Id.)

---

[1] Peoples Community Bank was subsequently acquired by Defendant's predecessor, First Citizens Bank and Trust Company, Inc.  (Def.'s Mot. Summ. J., ECF No. 31 at 3-4.)  Defendant indicates it is incorrectly named in the caption of the Complaint, and that it is properly identified as First-Citizens Bank & Trust Company.  (Id. at 1.)



**DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine

dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing

to particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."

Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once

the moving party makes this showing, however, the opposing party may not rest upon mere

allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex

Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a

complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see,

*PJG*

e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Defendant's Motion**

Defendant argues it is entitled to summary judgment because no civil cause of action for "obstruction of justice" exists and Plaintiffs' allegations do not give rise to any cognizable cause of action. The court agrees. Obstruction of justice is a criminal charge that cannot be brought by Plaintiffs. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Harris v. Salley, 339 F. App'x 281 (4th Cir. 2009); see also Myers v. Koyo Corp. of USA, C/A No. 3:07-1347-JFA-BM, 2007 WL 1774631 at *3 (D.S.C. June 15, 2007) (" '[O]bstruction of justice' is not actionable in any civil suit because it is a criminal charge. Plaintiff cannot pursue such a charge in a civil action because no citizen has an enforceable right to institute a criminal prosecution.") (second internal quotation marks omitted). To the extent Plaintiffs seek damages for Defendant's purported failure to comply with the 2012 and 2016 subpoenas, no such private cause of action exists. See Schwartz v. Nordstrom, Inc., No. 94 Civ. 1005 (CSH), 1994 WL 584676 (S.D.N.Y. Oct. 25, 1994) ("There is simply no private cause of action under federal or New York law for damages arising from the failure to comply with a judicial subpoena. The remedy for a person's failure to comply with a subpoena issued in a criminal prosecution is an order of civil or criminal contempt."). Moreover, the court is not able to discern any other relevant or cognizable causes of action from

PJG

Plaintiffs' Complaint.[2]  Plaintiffs make vague references to "banking laws" and "due process" that fail to state a cognizable claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Moreover, to the extent Plaintiffs actually have rights to enforce Defendant's obligations as the issuer or holder of the cashier's check,[3] it appears that the statute of limitations would have expired on any such claims.  See generally S.C. Code Ann. § 36-3-118(d) (establishing a three-year statute of limitations for the enforcement of an obligation of the issuer of a cashier's check after demand for payment is made); § 36-4-111 (establishing a three-year statute of limitation for claims arising from a bank's handling of items held for presentment, payment, or collection).  Plaintiffs indicate in the Complaint that Defendant issued the cashier's check, and Plaintiffs sought copies of the cashier's check, beginning in 2000.  Therefore, it appears that the statute of limitations expired in 2003 for any claim Plaintiffs seek to raise based on Defendant's conduct in issuing and holding a copy of the check.

---

[2] Plaintiffs argue in response that they filed an Amended Complaint with additional causes of action, but this is incorrect.  (Pls.' Resp. Opp'n  Summ. J., ECF No. 57 at 1.)  Plaintiffs filed a motion to amend or correct the complaint that the court denied as untimely.  (ECF No. 61.)

[3] In light of Plaintiffs' allegation that the cashier's check was issued to a corporate entity named Doge, Inc., the court also questions whether Plaintiffs are the real parties in interest in this matter, even if Plaintiffs are officers of that corporation, which is not explained in the record before the court.  See generally Fed. R. Civ. P. 17; White v. JPMorgan Chase Bank, NA, 521 F. App'x 425, 428-29 (6th Cir. 2013).

PJG

**RECOMMENDATION**

Based on the foregoing, the court recommends Defendant's motion for summary judgment

be granted. (ECF No. 31.) In light of the court's recommendation, Plaintiffs' motion for assistance

in obtaining a cashier's check, (ECF No. 70), should be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 2, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).